UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARK CARRERA, on behalf of himself :
and others similarly situated :
:
v. : C.A. No. 13-326S
:
THE RED PARROT, INC., et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion to Dismiss for noncompliance with a discovery order pursuant to Rule 37(b)(2), Fed. R. Civ. P. (Document No. 18). Plaintiffs filed an Opposition to the Motion on July 31, 2014 and an Amended Opposition on September 12, 2014. (Document Nos. 36 and 44). Hearings were held on the Motion on August 25, 2014 and February 17, 2015.[1] For the following reasons, I recommend that Defendants' Motion to Dismiss be GRANTED.

**Background**

Plaintiff Mark Carrera commenced this FLSA collective action against his former employer The Red Parrot, its owner Mr. Russell Dulac and its Manager Ms. Denise Dulac, on May 8, 2013. (Document No. 1). Mr. Carrera was employed as a Bartender at The Red Parrot Restaurant and Bar in Newport. He alleges that he, and similarly situated coworkers, were underpaid due to "systematic and willful wage and hour violations." Id. One other individual, Kathleen Prindiville, joined the collective action on August 30, 2013. (Document No. 8). The Complaint was signed only by Attorney

---

[1] The Motion was held in abeyance for a referral to Magistrate Judge Sullivan for an effort at mediation which proved unfruitful.

Charles S. Kirwan. However, Attorney Sonja Deyoe's typed name is listed under the signature line, and it is the Court's understanding that she was associated at that time with Attorney Kirwan in the practice of law. The Complaint also included the typed name of Attorney D. Maimon Kirschenbaum of New York as "admission pro hac vice pending." Attorney Kirschenbaum was granted pro hac vice admission by this Court on September 9, 2013.

Although it appears that Attorney Kirwan initially took the role of lead counsel, Attorney Kirschenbaum participated in the Rule 16 scheduling conference on September 30, 2013 by phone and Attorney Deyoe electronically filed the executed summonses on July 10, 2013 and the pro hac vice Motion for Attorney Kirschenbaum on August 9, 2013. After the instant Motion was filed, Attorney Deyoe moved on August 29, 2014 to withdraw as counsel for Plaintiffs. (Document No. 42). However, on September 10, 2014, she withdrew such motion (Document No. 43) and, on September 12, 2014, filed and electronically signed[2] a restated Objection to Defendants' Motion to Dismiss. (Document No. 44).

At the February 17, 2015 hearing, Attorney Deyoe indicated that it was improper for Defendants' counsel to refer to her as "co-counsel" on the case with Attorney Kirwan, during the period relevant to Defendants' Motion. She said that the case was not her case and that she did not sign the Complaint. She also represented that she left Attorney Kirwan's office on September 20, 2013. Even though it is true that Attorney Deyoe did not sign the Complaint, Attorney Kirwan included her name on the Complaint, and the Clerk's Office listed her on the docket as an Attorney of Record. She received electronic notice of activity in the case under the Court's electronic filing system and her CM/ECF log-in name and password were used to file the return of service and pro hac

---

[2] Attorney Deyoe included Attorney Kirschenbaum's typed name but no signature above the signature line on the restated Objection. Attorney Kirwan's name was not included on the restated Objection, and he subsequently withdrew from this case.

vice Motion for Attorney Kirschenbaum. Attorney Deyoe was – or at least should have been – aware that she was listed as Counsel of Record in this case. If she believed this was a mistake, she should have either promptly communicated that mistake to the Clerk's Office for corrective docketing or moved to withdraw. Attorney Deyoe did not do so. In addition, she did not, after leaving Attorney Kirwan's office, move to withdraw or otherwise communicate to the Clerk or Court that she was mistakenly listed as Counsel of Record for Plaintiffs.

Accordingly, at all times relevant to the instant Motion and up until Attorney Kirwan's withdrawal on December 15, 2014 (Document No. 50), Plaintiffs were represented by three attorneys in this case: Attorney Kirwan, who apparently took the lead; Attorney Deyoe, who made a couple of routine electronic filings early on and became more active after Defendants moved to dismiss; and Attorney Kirschenbaum, who has had no involvement apparent from the docket other than his telephone participation in the Rule 16 Conference in September 2013.

**Discussion**

Defendants move to dismiss for non-compliance with a discovery order pursuant to Rule 37(b)(2), Fed. R. Civ. P. Such a sanction is plainly authorized by Rule 37(b)(2) and within the Court's discretion. See Damiani v. Rhode Island Hosp., 704 F.2d 12 (1st Cir. 1983). Thus, the issue presently before the Court is whether the facts and circumstances of this case warrant the harsh sanction of dismissal.

Plaintiffs' lack of diligence in prosecuting this action dates back to the early stages of this litigation. During the Rule 16 Conference on September 30, 2013, Attorney Kirwan indicated that Plaintiffs were going to file an amended complaint and it would be filed "this week." Based on this representation, the Court set a generous deadline of October 31, 2013 for amended pleadings. On November 1, 2013, Attorney Kirwan moved after the fact for a "brief filing extension" as to this

deadline. (Document No. 12). The Motion was granted and the deadline reset to December 31, 2013. The Amended Complaint was never filed. On December 27, 2013, Defendants' counsel filed a pro forma joint Motion to extend discovery deadlines which was granted. (Document No. 13). Subsequently, on February 26, 2014, Defendants' counsel moved again to extend, citing difficulty in getting dates to depose Plaintiffs Carrera and Prindiville, as well as Plaintiffs' failure to timely respond to discovery requests served on November 4, 2013. (Document No. 14).

On March 24, 2014, Defendants moved to compel responses to their discovery requests and to yet again extend the discovery deadlines. (Document No. 15). Plaintiffs did not file any timely opposition to the Motion. Although the Motion could have been, and in hindsight probably should have been, granted absent any opposition, the Court gave Plaintiffs' counsel the benefit of the doubt and chose to schedule a hearing on the Motion to Compel for June 6, 2014 at 11:00 a.m. The hearing was noticed on May 20, 2014. No attorney appeared on behalf of Plaintiffs for the scheduled hearing or sought to continue the hearing. On the day of the hearing at 11:01 a.m., Attorney Kirwan electronically filed a "Motion to Excuse Late File Objection to Motion to Compel." (Document No. 16). The Motion was denied for lack of good cause shown, and Defendants' unopposed Motion to Compel was granted by Order dated June 10, 2014. (Document No. 17). Plaintiffs were ordered to respond to Defendants' discovery requests within twenty-one days. Id.

On July 2, 2014, Defendants moved to dismiss this action due to Plaintiffs' failure to comply with the Court's June 10, 2014 Order compelling discovery responses within twenty-one days. (Document No. 18). Plaintiffs' response to the Motion to Dismiss was due on July 21, 2014. On July 24, 2014, Attorney Kirwan filed an out-of-time Motion for a three-day extension to file an objection to the Motion to Dismiss from July 21, 2014 to July 24, 2014. (Document No. 19). The Objection was not filed by July 24, 2014, and Attorney Kirwan filed a total of fourteen additional requests to extend

-4-

time between July 25, 2014 and July 31, 2014. (Document Nos. 20, 21, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35). On July 31, 2014, Attorney Kirwan's final request to extend was granted; and a hearing on the Motion to Dismiss was scheduled for August 25, 2014.

On July 31, 2014, Attorney Kirwan filed a rambling and largely incoherent response to the Motion to Dismiss. (Document No. 36). In it, Attorney Kirwan argued, in part, that "Plaintiffs' slow response to the extant interrogatories equitably ought be excused, and is affirmatively vitiated by, the comprehensively false, fraudulent, altered, deceptive, disruptive, misleading, intentionally nefarious and spoliated character of the documents that Defendants provided to Plaintiffs." Id. at p. 18. In other words, Attorney Kirwan claimed that Plaintiffs were unable to provide timely discovery responses because of alleged irregularities in the documents produced by Defendants. Attorney Kirwan did not, however, offer any clear explanation or support for this assertion or any credible reason why, even if such irregularities existed, Plaintiffs could not have simply answered the interrogatories based on the information known to them and produced any relevant documents in their possession, custody or control at that time.[3] In addition, he did not explain why Plaintiffs could not have responded in a timely fashion and reserved their right to amend or supplement their responses pursuant to Rule 26(e), Fed. R. Civ. P.

On August 12, 2014, Attorney Deyoe filed a Motion for Leave to File an amended objection to the Motion to Dismiss on behalf of Plaintiffs. (Document No. 38). Such Motion was granted at the August 25, 2014 hearing and, since Attorney Kirwan represented that the Amended Objection was "fairly well drafted," Plaintiffs were ordered to file the Amended Objection by close of business on

---

[3] Attorney Kirwan's assertions of complexity are at odds with Attorney Kirschenbaum's description of this case at the Rule 16 Conference as arising out of a "relatively straightforward chain of events." In particular, he described a "simple" violation based on Defendants' alleged alteration of payroll records to reduce the hours recorded from those actually worked by employees to forty hours per week to avoid overtime pay obligations. Also, Attorney Kirschenbaum estimated Plaintiff Carrera's damages with penalties to be in the "high four or low five" figure range.

August 26, 2014 and offered no objection to such deadline. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002) ("when a litigant seeks an extension of time and proposes a compliance date, the Court is entitled to expect that the litigant will meet its self-imposed deadline"). The Amended Objection was not filed until September 12, 2014. (Document No. 44). Plaintiffs did not move for additional time and simply filed the Amended Objection out of time in conflict with my prior Order.

Although dismissal is a drastic sanction, there is nothing in Rule 37(b)(2) that "states or suggests that the sanction of damages can be used only after all the other sanctions have been considered or tried." Damiani, 704 F.2d at 15. See also Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 25 (1st Cir. 2006). In reviewing a litigant's conduct, the Court must balance the competing considerations of the preference to decide cases on the merits and the need to protect a litigant from "an obstructionist adversary" and to "maintaining the orderly and efficient administration of justice." Companion Health Services, Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012). Further, the "district courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established." Vallejo v. Santini-Padilla, 607 F.3d 1, 7-8 (1st Cir. 2010); see also Tower Ventures, 296 F.3d at 46 ("disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal")).

Here, the totality of Plaintiffs' counsel's dilatoriness in meeting discovery obligations, unexcused failure to appear at a discovery hearing, noncompliance with a discovery order and untimely filings warrants dismissal of this action with prejudice. Although this appears to be a fairly straightforward claim, Defendants waited months for discovery responses from Plaintiffs and had to

resort to unnecessary motion practice.[4] When a Motion to Compel was filed, Plaintiffs did not respond. When a hearing was scheduled on the Motion to Compel, Plaintiffs did not appear. When Plaintiffs were ordered by the Court to provide discovery responses, they did not do so. When Defendants moved to dismiss, Plaintiffs did not respond in a timely fashion. When Plaintiffs were granted leave to file an Amended Objection, they did not file that in a timely fashion as ordered.

This case is nearly two years old and unfortunately is in its infancy in terms of completion of discovery and trial preparation. Defendants have been forced to go to extraordinary means to obtain discovery responses from Plaintiffs and have expended significant resources in doing so. In addition, the Court has wasted its time and effort in managing these matters caused solely by Plaintiffs' lack of diligence in prosecuting this action and noncompliance with Court Orders and Court-imposed deadlines. Further, during this entire period, Plaintiffs were represented by three able and experienced attorneys and no one stepped forward to avert this "train wreck."[5] See Damiani, 704 F.2d at 16 (rejecting the argument that the sins of the attorney should not be visited on the client as "wholly inconsistent" with our system of representative litigation in which each party is deemed bound by the acts of his chosen lawyer-agent).

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Document No. 18) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

---

[4] It is the Court's understanding from the August 25, 2014 hearing that Plaintiffs' responses to Defendants' November 3, 2013 discovery requests were served approximately one hour prior to that hearing and almost two months after the responses were due pursuant to the Court's June 10, 2014 Discovery Order.

[5] Attorney Deyoe candidly described this matter as a "train wreck" at the February 17, 2015 hearing.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 20, 2015